IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA 12-00623-KD-N |
| ) | |
| FIRSTFLEET, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Discovery sought by Plaintiff Great West Casualty Company has prompted the filing of two motions now before the undersigned.  On June 18, 2013, in response to discovery Great West served June 4 and 5, 2013 (*see* Docs. 46 and 47), Defendant FirstFleet, Inc. filed a motion to stay discovery (Doc. 50); and, on June 23, 2013, Non-party GP Harmon Recycling LLC filed an objection and motion to quash a Rule 45 subpoena issued by Great West, and a motion for protective order (Doc. 53).  As ordered (*see* Docs. 51 and 56), Great West has filed a response (Doc. 57), which addresses both motions.  And, for the reasons explained below, FirstFleet's motion to stay discovery is **DENIED**, and GP Harmon Recycling's motion for a protective order is **GRANTED**.[1]

Although Great West filed this lawsuit on October 1, 2012 (*see* Doc. 1), it appears that the June 4 and 5 requests are its first formal attempts to take

---

[1] The third-party subpoena was issued from the United States District Court for the Middle District of Alabama, not this Court.  As such, because Rule 45(c)(3)(A) requires that a motion to quash be made before the issuing court, the motion to quash was denied on June 21, 2013.  (*See* Doc. 56.)

discovery in this proceeding. While those requests are late in coming (*see, e.g.,* Doc. 35, ¶ 3 (setting discovery cutoff as July 30, 2013)), they were nevertheless timely. However, the basis of FirstFleet's motion to stay discovery—which was also the basis for the undersigned's concern—was that the discovery requests were made on the heels of this Court issuing an order (Doc. 45) questioning whether the parties in this diversity action are properly aligned, which in essence questioned the Court's subject-matter jurisdiction.[2] That order, issued May 31, 2013, is tied to a pending motion to dismiss/stay (Doc. 30), which will be ripe for consideration on July 5, 2013 (*see* Doc. 49).

While a court "'has broad discretion to stay discovery pending decision on a dispositive motion[,'] a] stay of discovery[ ] is improper if the discovery relates to a factual attack on subject matter jurisdiction for which the plaintiff has had no opportunity to engage in discovery." *Bloedorn v. Keel*, No. 6:09–cv–55, 2012 WL 777318, at *2 (S.D. Ga. Mar. 6, 2012) (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)) (citation omitted).[3] And,

> [w]hile motions to stay discovery may be granted pursuant to Rule 26(c), the moving party bears the burden of showing good cause and

---

[2] "It is [the] duty[ of all] federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n.5 (1989) (citations and internal quotation marks omitted); *accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants.") (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)).

[3] As to the second point, because the Court raised the jurisdiction issue *sua sponte*, it felt compelled to inquire into the subject matter of Great West's discovery, to determine whether the discovery related to the proper alignment of the parties.

>reasonableness. A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive."

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing, in turn, *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985) (internal citations omitted)). Ultimately, "the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Pereira v. Regions Bank*, No. 6:12–cv–1383–Orl–22TBS, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012) (citing *McCabe*, 233 F.R.D. at 685).

The undersigned has taken a "preliminary peek" at (1) the issues raised in the motion to dismiss/stay and (2) the jurisdictional issue the Court raised, and finds, on balance, that discovery should not be stayed.[4] The undersigned finds,

---

[4] Even where a dispositive motion has been referred for entry of a report and recommendation, "taking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013) (citation omitted).

>The district judge will [ultimately] decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, [any] "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Fed. R. Civ. P.] 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*Id.*; *see also id.* (noting, "[t]he explosion of Rule 12(b)(6) motions in the wake of [*Twombly*] and [*Iqbal*] has made speedy determinations of cases increasingly more difficult. Prohibiting or delaying all discovery will often cause unwarranted delay, especially if a pending dispositive motion challenges fewer than all of Plaintiff's claims. The fact that a

3

however, that the discovery Great West seeks is not relevant to its declaratory judgment action.[5] As Great West concedes, the discovery it now seeks is "not directly relevant to a determination of the Court's subject matter jurisdiction[.]" (Doc. 57 at 3.) More fully, Great West states:

> Although not directly relevant to a determination of the Court's subject-matter jurisdiction, the parties here must deal with broader issues as to which disclosure of insurance coverage information is relevant. Moreover, the scope of discovery at issue was narrowly tailored in that it seeks only relevant types of policies in effect on the actual date of the underlying occurrence. It is expected that the Defendants have this information readily at hand, and will not expend any measureable resources to comply with [Great West's] document request, which is limited to several insurance policies. Moreover, there is a potential that the claim pending before this court on its jurisdictional analysis will not be dismissed, an issue [Great West] has briefed.

(Doc. 57 at 3.)

The "broader issues as to which disclosure of insurance coverage information is relevant" appear to be settlement of the underlying state-court action. As Great

---

non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery.").

Without prejudging the merits of the pending motion to dismiss/stay or the jurisdictional issue, because discovery has been open during the pendency of the motion (for some five-and-one-half months, from the entry of the Rule 16 order, on January 3, 2013, to the filing of the motion to stay, on June 18, 2013), it makes little sense to stay all discovery at this late point. Discovery relevant to the issues in the declaratory judgment action may continue.

[5] While FirstFleet's motion did not raise relevancy, Harmon's motion for a protective order undoubtedly did. (*Compare* Doc. 51, *with* Doc. 53.) And the Court requested that Great West address both motions in its response. (*See* Doc. 56.) As such, Great West cannot credibly argue that it is prejudiced by the undersigned's relevancy analysis herein. *See Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 199-200 (N.D. Ill. 2012) (where parties "have ample opportunity to present their position on the issue[,]" a court commits "no manifest error of law of fact when it properly addresse[s] the relevance of the requested information in its ruling[,]" rejecting an argument "that the court improperly raised the issue of the relevance of the requested discovery *sua sponte*").

West explained to this Court, it "timed service of discovery the first week in June to comply with the Court's discovery deadline of July 30, 2013 and to prepare for expected global mediation in the underlying case on August 1, 2013." (*Id.* at 1.)

While this Court appreciates Great West's desire to settle the underlying state lawsuit, which was unsuccessfully removed to this Court (*see* CA 2:11-00549-KD-C, Docs. 31-33 (report & recommendation, order, and judgment, remanding that case to Wilcox County Circuit Court)), the issue currently before this Court, as framed by Great West, is relatively narrow. Again, in the words of Great West,

> [t]he core issue raised by [Great West, in its declaratory judgment action,] is that FirstFleet is not an insured on the [Great West] policy . . . . [:] This declaratory action was filed in response to the claims of FirstFleet that it was entitled to be defended by [Great West] in connection with the lawsuit against it by the [state-court plaintiff. Great West] seeks a declaration that it does not insure FirstFleet.

(Doc. 54 at 2; *compare id.*, *with* Doc. 1, compl., ¶ 33 (scope of declaratory relief sought limited to Great West Policy of Insurance, Policy No. GWP31400F, attached to complaint (Ex. C)).) The relatively narrow issue raised by Great West in its lawsuit and, moreover, because Great West is merely seeking declaratory—not monetary—relief thus dictated the initial disclosures made by the defendants as to applicable insurance coverage. (*See* Docs. 41-44 (pointing to the Great West policy attached to its complaint with regard to the obligation that, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), "a party must, without awaiting a discovery request, provide to the other parties: for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment *in the action* or to indemnify or reimburse for payments made

to satisfy the judgment" (emphasis added)).)

In its response to the Court's June 25, 2013 Order, Great West attempts to argue that the parties' obligations under Rule 26(a)(1) as to insurance agreements weigh in favor of compliance with its current discovery requests. It is true that Rule 26(a)(1)(A)(iv) "is absolute . . . and does not require any showing of relevance." *Government Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, Civil Action No. 10–2558–KHV–DJW, 2012 WL 3292850, at *2 (D. Kan. Aug. 13, 2012) (quoting *United States Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007)). And "[t]he Advisory Committee Notes to Rule 26 further state that the Rule 'resolves the issue in favor of disclosure' because '[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation.'" *Id.* (quoting FED. R. CIV. P. 26(a)(1)(A)(iv) advisory committee's note (1970 Amendment)). "But the provision only prompts a duty to disclose insurance agreements that may provide coverage for a judgment rendered ***in the case before the court***." *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, No. 11–CV–2426–EFM, 2012 WL 5305358, at *4 (D. Kan. Oct. 25, 2012) (citing *Thompson v. United Transp. Union*, No. 99–2288–JWL, 2000 WL 1375293, at *4 (D. Kan. Sept. 15, 2000)) (emphasis added). In *Certain Underwaters*, ***like here***, "[n]o party [sought] monetary damages . . . , but only a declaratory judgment to determine if Plaintiffs have a duty to defend or indemnify [a defendant] with respect to a [separate] civil action[.]" *Id.* (distinguishing *Government Benefits*, a distinction also

applicable to Great West's lawsuit, "Unlike this case, [ ] the *Government Benefits* case asserted a claim for monetary damages. The parties here had no duty of disclosure under Rule 26(a)(1)(A)(iv), because this declaratory judgment case will not result in a judgment for money damages.").

The Court therefore rejects Great West's current attempts to use this proceeding to obtain insurance coverage information that is not relevant to the subject matter of this declaratory judgment action.[6] As such, while the motion to stay discovery (Doc. 50) is **DENIED**, Harmon's motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(A) (Doc. 53) is **GRANTED**. And discovery may proceed as to issues relevant to the issues in the declaratory judgment action *only*.

**DONE** and **ORDERED** this the 2nd day of July, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Rule 26 "sets forth a very low threshold for relevancy," and "[t]hus, the court is inclined to err in favor of discovery rather than against it[.]" *Kipperman v. Onex Corp.*, Civil Action No. 1:05-CV-1242-JOF, 2008 WL 1902227, at *10 (N.D. Ga. Apr. 25, 2008); *accord United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("The standard for what constitutes relevant evidence is a low one."). **However,** "[t]o determine the relevancy of the information sought . . . , the court takes note of the **facts set forth in the[ ] complaint**." *Hargrove v. Washington State Dep't of Corrections*, No. C10–0363 RBL/KLS, 2011 WL 1771063, at *1 (W.D. Wash. May 9, 2011) (emphasis added); *compare cf. Lang v. Intrado, Inc.*, Civil Action No. 07-cv-00589-REB-MEH, 2007 WL 3407366, at *3 (D. Colo. Nov. 13, 2007) ("Based on the allegations in Plaintiff's Complaint, the information sought is clearly relevant, and Plaintiff's Motion to Compel is granted as to this request."), *with Pablo v. ServiceMaster Global Holdings, Inc.*, Nos. C 08-03894 SI, C 10-00628 SI, 2010 WL 5022564, at *3 (N.D. Cal. Dec. 3, 2010) ("Because the request for production is not relevant to any claim that has actually been alleged in a complaint, is not relevant to a defense, and is not reasonably calculated to lead to the discovery of admissible evidence . . . , *see* FED. R. CIV. P. 26(b)(1), the Court DENIES plaintiffs' motion to compel[.]") *and Hughes v. LaSalle Bank, N.A.*, No. 02Civ.6384MBMHBP, 2004 WL 414828 (S.D.N.Y. Mar. 4, 2004) ("A litigant may not use discovery to determine whether there is a cause of action. The purpose of discovery is to find out additional facts about a well-pleaded claim . . . .") (citation omitted).