IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                  ) | CIVIL ACTION NO. 12-00623-KD-N |
| ) | |
| FIRSTFLEET, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After due and proper consideration of the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge (Doc. 61) made under 28 U.S.C. § 636(b)(l)(B) and dated July 17, 2013, is **ADOPTED as modified**, as follows, as the opinion of this Court (additions indicated in boldface, deletions and alterations indicated by brackets):

- Page 1 - . . . FirstFleet, Inc., a Tennessee corporation; Tennessee American Recycling, LLC, a Georgia LLC, with its principal place of business in Tennessee, **having two members, one an individual residing in Georgia and the other an individual residing in Tennessee (Doc. 66);**[a] and Earl Fergerson . . .

  > [a] For purposes of diversity, an individual's residence is *prima facie* evidence of that individual's domicile. *See Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (Steele, J.) ("As a matter of law, a person residing in a particular state is not necessarily domiciled there . . . That said, while the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile." (citing cases)); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009) ("This Court concludes that Defendant has sufficiently alleged the citizenship of Plaintiffs. It is well established that a party's residence is *prima facie*

> evidence of a party's domicile."); *Fuller v. Home Depot Servs., LLC*, Civ. A. No. 1:07CV1268 RLV, 2007 WL 2345257, at *3 (N.D. Ga. Aug. 14, 2007) ("[A]bsent any contradictory evidence, [parties'] place of residence is their domicile." (quotation marks omitted)).  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

- Page 7, footnote 7 - That said, the undersigned recognizes that FirstFleet [] [is a] corporate citizen[] of Tennessee, *see, e.g.*, *Auto-Owners Ins. Co. v. Great Am. Ins. Co.*, 479 Fed. App'x 228, 232 n.3 (11th Cir. June 21, 2012) (per curiam) ("For the purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1) (emphasis added)).  **The undersigned also recognizes that Tennessee American is a citizen of Tennessee and Georgia.  *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004) (For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen.").  *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).**  However, as Tennessee American has made clear . . .

Accordingly, it is **ORDERED** that Defendant FirstFleet, Inc.'s motion to dismiss, or alternatively, to stay (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiff Great West Casualty Company's duty-to-indemnify claims are **STAYED** until the earlier of (1) final disposition of the underlying state-court litigation; or (2) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty-to-indemnify claims;

and

2. the motion is **DENIED** as to Plaintiff Great West Casualty Company's duty-to-defend claims.

**DONE** and **ORDERED** this the **15**th day of **August 2013**.

        /s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

and

2. the motion is **DENIED** as to Plaintiff Great West Casualty Company's duty-to-defend claims.

**DONE** and **ORDERED** this the **15**th day of **August 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**