IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00623-KD-N |
| | ) | |
| FIRSTFLEET, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After due and proper consideration of the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge (Doc. 61) made under 28 U.S.C. § 636(b)(l)(B) and dated July 17, 2013, is **ADOPTED as modified**, as follows, as the opinion of this Court (additions indicated in boldface, deletions and alterations indicated by brackets):

- Page 1 - . . . FirstFleet, Inc., a Tennessee corporation; Tennessee American Recycling, LLC, a Georgia LLC, with its principal place of business in Tennessee, **having two members, one an individual residing in Georgia and the other an individual residing in Tennessee (Doc. 66);**[a] and Earl Fergerson . . .

    > [a] For purposes of diversity, an individual's residence is *prima facie* evidence of that individual's domicile. *See Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (Steele, J.) ("As a matter of law, a person residing in a particular state is not necessarily domiciled there . . . That said, while the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile." (citing cases)); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009) ("This Court concludes that Defendant has sufficiently alleged the citizenship of Plaintiffs. It is well established that a party's residence is *prima facie*

> evidence of a party's domicile."); *Fuller v. Home Depot Servs., LLC*, Civ. A. No. 1:07CV1268 RLV, 2007 WL 2345257, at *3 (N.D. Ga. Aug. 14, 2007) ("[A]bsent any contradictory evidence, [parties'] place of residence is their domicile." (quotation marks omitted)). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

- Page 7, footnote 7 - That said, the undersigned recognizes that FirstFleet [] [is a] corporate citizen[] of Tennessee, *see, e.g., Auto-Owners Ins. Co. v. Great Am. Ins. Co.*, 479 Fed. App'x 228, 232 n.3 (11th Cir. June 21, 2012) (per curiam) ("For the purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1) (emphasis added)). **The undersigned also recognizes that Tennessee American is a citizen of Tennessee and Georgia.** ***See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004) (For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen."). Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).** However, as Tennessee American has made clear . . .

Accordingly, it is **ORDERED** that Defendant FirstFleet, Inc.'s motion to dismiss, or alternatively, to stay (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiff Great West Casualty Company's duty-to-indemnify claims are **STAYED** until the earlier of (1) final disposition of the underlying state-court litigation; or (2) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty-to-indemnify claims;

and

2. the motion is **DENIED** as to Plaintiff Great West Casualty Company's duty-to-defend claims.

**DONE** and **ORDERED** this the **15th** day of **August 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**