# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FIRSTFLEET, INC., *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 12-00623-KD-N |

## ORDER

This action is before the Court on the Motion for Summary Judgment (Doc. 93) filed pursuant to Federal Rule of Civil Procedure 56 by Plaintiff Great West Casualty Company ("GWCC"). In support, GWCC has submitted a separate memorandum (Doc. 94) and evidentiary material (Doc. 94-1). Defendant FirstFleet, Inc. ("FirstFleet") has timely filed a Response (Doc. 96) to the motion. Defendants RBX, Inc. d/b/a RBX Transportation, Inc. ("RBX") and Earl Fergerson ("Fergerson") have filed no response to the motion, and the time to do so has passed (see Doc. 95). Upon consideration, the Court finds that the Motion for Summary Judgment is due to be **GRANTED**.

### I. Procedural History

GWCC commenced this action on October 1, 2012, by filing a Complaint (Doc. 1) with the Court against FirstFleet, Fergerson, RBX, and Tennessee American Recycling, LLC ("TAR").[1] The Complaint alleged two counts seeking declaratory judgment pursuant to 28 U.S.C. § 2201. The Complaint alleged the following background facts:

---

[1] TAR and RBX were named as "interested parties" in the Complaint. (Doc. 1 at 1-2, ¶¶ 2-4).

9. This Complaint for Declaratory Judgment arises out of an underlying action currently pending in the Circuit Court of Wilcox County, Alabama, *Fergerson v. Tennessee American Recycling, LLC, et al.*, Case No. CV-2011-26 . . .

10. This action and the underlying action arise out of Defendant Fergerson's injury on August 11, 2010. On that date, Fergerson was delivering a load of corrugated scrap cardboard to a paper mill in Pine Hill, Alabama. International Paper Company ("International Paper") owns that paper mill.

11. Fergerson alleges in the underlying action that he was transporting the load of cardboard for RBX under the terms of a Lease Agreement, Lease No. 66401, to take the RBX trailer containing the cardboard from TAR's recycling facility in Knoxville, Tenessee [sic], to International Paper's paper mill in Pine Hill, Alabama. The Lease Agreement is attached as Exhibit B.

12. RBX was transporting the load of cardboard to the paper mill pursuant to a Motor Procurement Contract with International Paper.

13. Fergerson alleges in the underlying action that TAR was responsible for loading the cardboard onto the trailer prior to transport and that TAR negligently stacked and loaded the cardboard.

14. Fergerson alleges in the underlying action that FirstFleet (a/k/a Interactive Logistics) was International Paper's agent, that FirstFleet negligently directed the unloading of the cardboard upon delivery to the paper mill in Alabama, that FirstFleet knew or should have known that the cardboard was negligently loaded, and that FirstFleet failed to warn of the hazard.

15. International Paper was the consignee of the pertinent load of cardboard transported by Fergerson.

(Doc. 1 at 3-4, ¶¶ 9-15).

The Complaint further alleged that GWCC issued a Policy of Insurance, Policy No. GWP31400F, providing Commercial Auto, Inland Marine, Cargo, and General Liability coverage effective August 1, 2010, to August 1, 2011 (hereinafter, "the Policy"). (Id. at 5, ¶ 16). RBX is the named insured under the Policy, and International Paper is named as an additional insured, with GWCC providing International Paper a defense in the underlying action under a reservation of rights. (Id., ¶¶ 17-18). FirstFleet tendered defense of the underlying action to

2

GWCC on December 30, 2011, with GWCC denying coverage shortly thereafter. (Id. at 7, ¶ 23). In this action, GWCC seeks a declaratory judgment that FirstFleet is due no coverage under the Policy and that GWCC has no duty to either defend or indemnify FirstFleet in the underlying state action, with GWCC alleging two alternate theories in support of this requested relief. Specifically, Count I seeks such relief based on a determination that FirstFleet is not an "insured" under the Policy (id. at 6-8, ¶¶ 22-27), while Count II seeks such relief based on a determination that an exclusion in the Policy bars coverage for FirstFleet (id. at 8-9, ¶¶ 28-33).[2]

TAR filed its Answer (Doc. 6) on October 19, 2012; Fergerson filed his Answer (Doc. 15) on November 13, 2012; and RBX filed its Answer (Doc. 17) on November 15, 2012.[3] TAR was dismissed as a party on September 18, 2013 (Docs. 77-78). GWCC timely filed the present motion for summary judgment (Doc. 93) on February 28, 2014.

**II.    Analysis**

    **a.    Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

---

[2] As the Court has previously determined (see Docs. 61, 72), it has subject-matter jurisdiction over this action pursuant to diversity under 28 U.S.C. § 1332.

[3] FirstFleet has never filed an Answer in this action, though it did file a motion to dismiss or, alternatively, to stay (Doc. 30).

      (B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** ***Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). As the Eleventh Circuit has articulated, however,

> The nature of this responsibility varies . . . depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or the non-movant would bear the burden of proof at trial.
>
> . . . Celotex requires that for issues on which the movant would bear the burden of proof at trial,
>
>> that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come [s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

[United States v. ]Four Parcels[ of Real Property], 941 F.2d [1428, ]1438[ (11th Cir. 1991)] (citations and internal quotation marks omitted; emphasis in original).

For issues, however, on which the non-movant would bear the burden of proof at trial,

> the moving party is not required to support its motion with affidavits or other similar material *negating* the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ]-that is, point[ ] out to the district court-that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.

Four Parcels, 941 F.2d at 1437-38 (citations, footnote, and internal quotation marks omitted; emphasis in original).

If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. Coats & Clark, 929 F.2d at 608. If, however, the movant carries the initial summary judgment burden in one of the ways discussed above, responsibility then devolves upon the non-movant to show the existence of a genuine issue as to the material fact.

For issues on which the movant would bear the burden of proof at trial, the non-movant, in order to avoid summary judgment, must come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact. Only if after introduction of the non-movant's evidence, the combined body of evidence presented by the two parties relevant to the material fact is still such that the movant would be entitled to a directed verdict at trial-that is, such that no reasonable jury could find for the non-movant-should the movant be permitted to prevail without a full trial on the issues. Anderson[ v. Liberty Lobby, Inc.], 477 U.S. [242,] 249-50, 106 S. Ct. [2505,] 2511[ (1986)].

For issues on which the non-movant would bear the burden of proof at trial, the means of rebuttal available to the non-movant vary depending on whether the movant put on evidence affirmatively negating the material fact or instead demonstrated an absence of evidence on the issue. Where the movant did the former, then the non-movant must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated. Where the movant did the latter, the non-movant must respond in one of two ways. First, he or she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was "overlooked or ignored" by the

> moving party, who has thus failed to meet the initial burden of showing an absence of evidence. Celotex, 477 U.S. at 332, 106 S. Ct. at 2557 (Brennan, J., dissenting). Second, he or she may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. See Melissa L. Nelkin, One Step Forward, Two Steps Back: Summary Judgment After *Celotex*, 40 Hastings L.J. 53, 82-83 (1988).

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (headings and footnotes omitted).

The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (en banc) (citation omitted).

If a non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. In reviewing whether a non-moving party has met its burden, the Court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

Local Rule 7.2(b) for the Southern District of Alabama requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute:

> Within thirty (30) days…[of the filing of a motion for summary judgment] or as

> may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D. ALA. L.R. 7.2(b). If a non-movant fails to respond to a motion for summary judgment and point out disputed facts, its "[f]ailure to do so will be considered an admission that no material factual dispute exists." L.R. 7.2(b). See, e.g., Patton v. City of Hapeville, Ga., 162 F. App'x 895, 896 (11th Cir. 2006)[4] (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules[]").

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985). Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id. In United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion," id. at 1101, and noted the provision in Fed. R. Civ. P. 56(e) that when "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'" Id. at 1101 (emphasis in original); see also Trustees of the

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Aug. 1, 2012).

Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment").

### b. GWCC's Motion for Summary Judgment

GWCC's motion requests that the Court "grant summary judgment in its favor as to Count I of its Complaint for Declaratory Judgment." (Doc. 93 at 1). In support, GWCC has submitted a Stipulation between it and FirstFleet, which states:

> Plaintiff Great West Casualty Company ("GWCC") and Defendant, FirstFleet, Inc., ("FirstFleet") stipulate and agree that FirstFleet is not a named insured, is not an additional insured, and does not qualify as an "insured" under the terms of the Great West Policy of Insurance, No. GWP31400F.
>
> This stipulation is not intended to and shall not resolve FirstFleet's claims against RBX in the underlying case pending in the Circuit Court of Wilcox County, Alabama, captioned *Earl Fergerson et al. v. Tennessee American Recycling. LLC*, Case No. CV-2011-26, all issues as to which are reserved. Further, this stipulation is not intended to, and shall not resolve any claim by FirstFleet that GWCC has obligations to make supplementary payments to the benefit of FirstFleet as a non-insured entity, which is an issue that is also reserved.

(Doc. 94-1 at 2).

Based on this Stipulation, GWCC argues

> there are no genuine issues of material fact that would preclude summary judgment in favor of GWCC. As FirstFleet has stipulated that it is not an insured, GWCC has no obligation to provide coverage for the underlying action. As a matter of law, there is no coverage under the Commercial Auto Part for FirstFleet, and GWCC has no duty to defend or indemnify FirstFleet with respect to the underlying action. As such, GWCC is entitled to summary judgment in its favor that FirstFleet is not an insured under the Policy.

(Doc. 94 at 2).

As has been noted, RBX and Fergerson have not timely filed any opposition to Great

West's motion. FirstFleet has timely filed a Response stating, *inter alia*, that, based on the terms of the Stipulation, it "does not object to the granting of the Plaintiff's Motion for Summary Judgment as to Count I of GWCC's Complaint for Declaratory Judgment." (Doc. 96 at 2, ¶ 4).

Considering the Stipulation (Doc. 94-1 at 2) and FirstFleet's Response (Doc. 96), the Court finds that FirstFleet has conceded it is not an insured under the Policy and is therefore owed no coverage under it. Moreover, neither RBX nor Fergerson have presented any evidence or argument to rebut this determination. As such, the Court finds "that there is no genuine dispute as to any material fact and [GWCC] is entitled to judgment as a matter of law" as to Count I of the Complaint. Fed. R. Civ. P. 56(a). Therefore, GWCC's Motion for Summary Judgment is due to be **GRANTED**.[5]

### III.    Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that GWCC's Motion for Summary Judgment (Doc. 93) is **GRANTED** and that this action is **DISMISSED with prejudice**.

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58, declaring "that there is no coverage under the Commercial Auto Part[ of the Policy] for FirstFleet" and "that Great West owes no duty to defend or indemnify FirstFleet with respect to the underlying action" (Doc. 1 at 7, ¶ 27), shall be entered by separate document

**DONE** and **ORDERED** this the **25th** day of **March 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] Granting summary judgment in favor of GWCC as to Count I renders moot Count II, which seeks the same relief (denial of coverage) as Count I based on a different contractual theory. Accordingly, the Court finds that Count II of the Complaint is due to be **DISMISSED**.